**IMAGED**

**FILED**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

JUL 2 8 2005

Robert G. Lasheff Jr.

             Plaintiff

vs.

. **Associate Judge Joseph P. Condon**
- **Associate States Attorney Charles E. Crouse**
 **Associate Judge Gerald M. Zopp Jr.**
. **Associate Judge Gordon E. Graham,**
: **Catherine E. Pickar**
. **Turning Points**
. **Circuit Judge Michael T. Caldwell**
· **McHenry County Jail Corrections Staff Involved**
  **in State of Illinois Case.98 CF 959.**
· **Lake in The Hills Police Department Chief & Officers**
  **Involved In State of Illinois Case.98 CF 959.**
' **Law firm of Riffner, Freeman & Scott Chtd.**
 **Attorney Terrence J. Freeman**
' **Attorney Michael J. DuWaldt**
· **Attorney Terry R. Mohr**
· **Attorney James Schwarzbach**
· **Attorney John E. Ridgway**
° **Attorney Gary M. Foley**
. **Attorney Samuel S. Meli**

            **Defendants**

MICHAEL W. DOBBINS, **CLERK**
UNITED STATES DISTRICT **COURT**

CIVIL CASE NO. **05 C 50 152**

**JURY DEMAND**

## COMPLAINT UNDER THE CIVIL RIGHTS ACT
## TITLE 42 CHAPTER 21 SECTION 1983, 1981& 1985 U.S. CODE,
## TITLE 18 SEC 241, 242. ,TITLE 28 SEC 1343 & TITLE 42 U.S.C. §§ 12131-34
### Denials and Violations of Civil Rights, Neglect to Prevent Same, Gender
### Discrimination, Assault with Intent, False Arrest, Prosecution & Incarceration , Under
### Color of Law Violations, Slander Per Se ,Libel and Verified Petition for Damages, and
### Certain Injunctive or Declaratory Relief

1) Comes now the Plaintiff Robert G. Lasheff Jr., in pro-per and in direct support of this

complaint and through, the jurisdiction of this United States District Court provided under

at least 28 USC § 1331, 28 USC § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC § 1441(e)

, 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446, and on the federal questions

involved, herein alleges, states, and provides the following:  The plaintiff wishes to present to

-1-

this court a

history of many repetitious violations of his Constitutionally protected civil rights to include

but certainly not limited to clear violations of Due Process ,Equal Rights under the law and

compounded criminal negligence in violation of State and Federal statutes that have left this

plaintiff with physical injury and severe emotional stress leading to full disability. and extreme

financial damage. Further, the plaintiff would like this court to note that which can only be

viewed as Reckless Endangerment of the minor children involved throughout the process of

dissolution and the latter criminal proceedings all taking place within the alleged jurisdiction of

the 19th Judicial Circuit Woodstock Illinois. This negligence and abuse of the minor children

being reported at various times throughout the above noted proceedings by the plaintiff to the

following agencies and individuals: The Illinois Department of Children and Family Services,

the Lake In the Hills Police Department, Attorney Terry R. Mohr, Attorney Michael J. DuWaldt,

Attorney James Schwarzbach and Doctor Robert L. Meyer Psychologist Horizons Centegra.

None took any credible action on these complaints.

CITE-18 USC Sec. 2258 Failure to report child abuse  STATUTE  A person who,

while engaged in a professional capacity or activity described in subsection (b) of section 226 of

the Victims  of Child Abuse Act of 1990 , learns of facts that give reason to suspect that a child

has suffered an incident of child abuse, as defined in subsection (c) of that section, and fails to

make a timely report as required by subsection (a) of that section, shall  be guilty of a Class B

misdemeanor SOURCE  (Added Pub. L. 101-647, title II, Sec. 226(g)(1), Nov. 29, 1990,104

-2-

Stat. 4808.) In addition it is this plaintiffs intention to present to this honorable court by and

through the contents of this document and its attachments that the Jurisdiction of the 19th

Judicial Circuit Court Woodstock Illinois in the matters presented herein was never lawfully

invoked or maintained. Therefore, all preceding and current judgements of this court should be

considered null and void. Further, it is this plaintiff's understanding that void judgements

carry no statute of limitations as obstructions to the timeliness of this complaint filing.

.. *If a court is* "Without authority, its judgments and orders are regarded as nullities.

They are not voidable, but simple void; and form no bar to a recovery sought, even prior to a

reversal in opposition to them. They constitute no justification; and all persons concerned in

executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1

Pet. 328,340, 26 U.S. 328,340 (1828)

"There is no time limit for attacking a void Judgement under N. D. R. Civ. P. 60(b)(iv)" Eggl v.

Fleetguard, Inc. 1998 ND 166, 583 N.W. 2d 812   "A Judgement is void if the court acted in a manner

inconsistent with due process". "A void Judgement is a nullity and may be vacated at any time." 261

Kan. At 862   "Where a court failed to observe safeguards, it amounts to denial of due process of law,

court is deprived of juris." Meritt v. Hunter C.A. Kansas 170 F2d 739.  If the acts which the state

attorney general *(officer of the court)*seeks to enforce be a violation of the Federal Constitution, the

officer, in proceeding under such enactment, comes into conflict with the superior authority of that

Constitution, and he is in that case stripped of his official or representative character and is subjected

in his person to the consequences of his individual conduct. The State has no power to impart to him

any immunity from responsibility to the supreme authority of the United States." 209 U.S. 123, 159-60

(1908) (Emphasis within original)Further, judgments obtained under a cloud of irregularities or

otherwise flawed *are at the very least* Constitutionally infirm. Puckett v. Cox United States Court

of Appeals (1972) Pro-Se Litigants pleadings should not be held to the same high standards of perfection

as a lawyers. "Significantly" the Haines case involved a pro-se complaint as does the present case-which

requires a less stringent reading than one drafted by a lawyer. Also see Cole v. Hoogendoorn, Talbot,

Davids, Godfrey and Milligan, 325 Ill. App. 3d 1152, 759 N.E. 2d 110 (2001) Because the

Plaintiff/Respondent is pro se, the Court has a higher standard when faced with a motion to dismiss, White

v. Bloom, 621 F.2d 276 makes this point clear and states: "A court faced with a motion to dismiss a pro

se complaint... must read the complaint's allegation expansively," Haines v. Kerner, 404 U.S. 519, 520-21,

92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), and take them as true for purposes of deciding whether they

state a claim ." Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972). Moreover,

"the court is under a duty to examine the complaint to determine if the allegations provide for relief on any

possible theory." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting

Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). Thus, if this court were to entertain any motion

to dismiss this court would have to apply the standards of White. Furthermore, if there is any possible

theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot

dismiss.In addition this plaintiff would like this honorable court to understand and note that it is the

plaintiffs firm conviction, that with few exceptions the actions and efforts of the 19th judicial circuit court

Woodstock Illinois ,the officers of the court, Turning Points, Psychologists, Psychiatrist, DCFS and other

involved personal did nothing but damage to my family and only hastened and made far more painful the process of dissolution and directly promoted the injury that was to be added to this insult. Even the so called professionals involved could not recognize alienation or playacting. <u>In point of fact my family was quite literally 'raped' by this particular dysfunctional process (Emphasis Added)</u>

## JURISDICTION

2) This District Court of the United States has original, concurrent, and supplementary jurisdiction over this cause of action, pursuant to the authorities cited above, including, but not limited to the following, to-wit: 28 USC § 1331, 28 USC § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC   § 1441(e), 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446. The District Court of the United States is an Article III court with authority to hear questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights, the Ninth Amendment, the Eleventh Amendment, the original Thirteenth Amendment, the Fourteenth Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations. *See* the Article VI Supremacy Clause of the Constitution of the United States of America, as lawfully amended (*hereinafter* "U.S. Constitution). ## RECORD OF STATE PROCEEDINGS

3) Plaintiff is now proceeding on the basis of the presumption that the ILLINOIS state court record will be made available to this Honorable Court upon Notice and Demand for Mandatory Judicial Notice, pursuant to Rules 201 and 902 of the Federal Rules of Evidence, the Full Faith and Credit Clause contained under Article IV of the U.S. Constitution, and 28 U.S.C. § 1449. However, the plaintiff states that due to the concerns related to Fraud, malpractice and conspiracy violations as presented within the context of

-5-

this document and the complaint filing as a whole that he remains in doubt as to the truth and accuracy

of the State court record.      18 USC CHAPTER 101 - RECORDS AND REPORTS

## INCORPORATION OF PRIOR PLEADINGS

**4)**  Petitioner hereby incorporates by  reference all pleadings, papers, and effects heretofore filed or

otherwise lodged within the state proceedings the same as if fully set forth herein. (H.I).

## IMMUNITY

**5) Further Pertinent Citations on Immunity**; Forrester v. White 484 U.S. 219, 108 S. Ct

 538, 98 L. Ed 2d 555 (1988) holding that judges do not have absolute immunity when acting in an

administrative capacity King v. Love, 766 F.2d 962, 968 (6th Cir.), cert. denied, 474 U.S. 971, 106

S.Ct. 351, 88 L.Ed.2d 320 (1985)(although setting bond on an arrest warrant is a judicial act, the act of

deliberately misleading the police officer who was to execute the warrant about the identity of the

person sought was nonjudicial); Sevier v. Turner, 742 F.2d 262 (6th Cir.1984)(juvenile court judge's

initiation of criminal prosecution and civil contempt proceeding against father for child support in

arrears constituted nonjudicial acts. Morrison v. Lipscomb, 877 F.2d 463, 464-66 (6th Cir.1989)

 This court also has held that the initiation of accusatory processes, such as criminal prosecutions or

civil contempt proceedings, is a non-judicial act that may subject a judge to liability. Sevier v.

Turner,742 F.2d 262, 272 (6th Cir.1984).    "Not every action by any judge is in exercise of his  judicial

function. It is not a judicial function for a Judge to commit an intentional tort even  though  the tort

occurs in the Courthouse, when a judge acts as a Trespasser of  the Law, when a judge does not follow

the law, the judge loses subject matter jurisdiction and the Judge's orders are void, of no legal force or

effect." -Yates Vs. Village of Hoffman Estates, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962). " It is my belief that there are "absolutes" in our Bill of Rights, and that they were put there on purpose by men who knew what words meant, and meant their prohibitions to be "absolute". Hugo Black(b. 1922) U.S. Supreme Court Justice. .........* In Lake County v. Rollins.,, 130 U.S. 662 p. 673 The liberty of the citizen, and his security in all his rights, in a large degree depend upon the rigid adherence to the provisions of the constitution and the laws, and their faithful performance. If courts, to avoid hardships, may disregard and refuse to enforce their provisions, then the security of the citizen is imperilled. Then the will, it may be the unbridled will, of the judge, would usurp the place of the constitution and the laws, and the violation of one provision is liable to speedily become a precedent for another, perhaps more flagrant, until all constitutional and legal barriers are destroyed, and none are secure in their rights.

## ALLEGATIONS

6) <u>Judge Joseph P. Condon *</u> In his adjudication and <u>administration</u> of state case 96 DV 767 the honorable Judge Joseph P. Condon of the Nineteenth Judicial Circuit Woodstock Illinois has from 1/11/2001 thru the fall of 2004 promoted and supported malicious prosecution of this plaintiff to include but not limited to; signing orders of the court without proper and timely service and without the presents or representation of this plaintiff, (Notable here; If you were a non-represented litigant, and should the court not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself),. In addition Judge Condon made frequent use of both physical and psychological threat and <u>intimidation,</u>

-7-

(plaintiff brought before the bench in cuffs and leg irons in a civil matter?), currently holds a

contempt charge and mittimus for six months in county jail over this plaintiff based primarily on false

allegations and assumptions which once again is an order emanating without a hearing or

representation permitted to this plaintiff. (Order for Defendants Arrest based on Rule to Show cause

ordering defendant (this Plaintiff) TO APPEAR in said court on OCT 24,2001. Plaintiff not released

from I.D.O.C. until June 14th 2002 ,no writ or notice to I.D.O.C. facility. In attachment as Exhibit

A(Also reference letters April 16,2002, Oct 5,2002 & Motion to Continue Hearing on Rule f iled

June 4,2002, of T. M. Foley /copies in support of above and in attachment 6 pages as **Exhibit A**) (Due

Process Clause of the U.S. Constitution), "Government official will be denied qualified immunity

for having violated clearly established rights when in light of preexisting law, the unlawfulness is

apparent", (Burns vs. County of Cambria, PA. #764 F. Supp. 1031 " What defendant actually believed

or did not is irrelevant to qualified immunity analysis; it is objective reasonableness of defendants

actions that governs", and "Before court analyzes claim of qualified immunity, it first should determine

whether plaintiff has alleged violation of clearly established constitutional rights", (Turiano vs.

Scharrs, #904 F. Supp. 400); A further question is raised in what standing does the reason for mental

cruelty as grounds for divorce have when the defendant Catherine E. Pickar is on record and on record

before this court as having long term Mental Health problems of which she was in denial of and not

incompliaince with her medical treatment at the time the filing for divorce before said court. In addition

no proof or documentation for defendants claim of mental cruelty was ever presented to this court. In

December of 2003 it was discovered the law firms that filed the petition for divorce and that

represented Catherine E. Pickar a.k.a. Lasheff a.k.a Huff in the beginning of these proceedings

through trial and entry of the judgement of divorce, were not registered with the Illinois Supreme Court

to practice law. This non-compliance with rule 721c existed from at least the fall of 1996 through its

discovery in December of 2003. Illinois Supreme Court Rule 721(c) prohibits a corporation from

engaging "in the practice of law in Illinois... without a certificate of registration issued by this court."

A corporation that practices law without a certificate is engaged in unauthorized practice of law.

Presbrey, Weir and Truemper Jr. 99 Ill.2d 242, 75 Ill. Dec.703, 457 N.E. 2d 1262 (1983). "Fraud

encompasses a broad range of human behavior, including anything calculated to deceive whether it be

by direct falsehood or by innuendo, by speech or by silence, by word of mouth or by look or gesture".

Also noted, verbal abuse from the bench in open court, deliberate and contemptuous denial of this

plaintiffs efforts to present his issues or complaints in open court and through motions or petitions filed

with this court, complete denial of this plaintiffs rights as a father to his children and the children's

right to maintain a relationship with their father again with no hearing as to parental fitness on record.

Three arrests with no service or Miranda (regardless of intent to interrogate ) provided, open contempt

and ridicule of this plaintiffs efforts as a pro-se litigant, <u>ordering the opposing attorney to take</u>

<u>possession of and go through the contents of this plaintiffs personal briefcase without my permission</u>

<u>and despite my objection</u>, ordering this plaintiff to present out of pocket money in court to the

opposing attorney based on false allegations (Affidavits in attachment as **Exhibit B**), Judge Condon

has been overheard by witness to offer ex-parti advise to opposing council during session of court, has

promoted continued financial devastation through alleged and incorrect arrearage's, excessive child support, alimony (upon appeal with the Illinois Division of Child Support Enforcement this matter under investigation). Judge Condon has <u>denied three petitions to reduce child support for cause, has refused</u> to hear any motions for more frequent and meaningful visitation or change of Venue and has managed to nullify or deny any petitions or motions which would place the other party in a negative light.(Visitation Interference, Alienation of Affections) It rarely seems to be "a matter before the court" regarding issues of concern to this plaintiff. Further, Judge Condon apparently has no regard for the long term financial damage to this plaintiff and his family resulting in endless and unequal litigation which has reached a point where **<u>this plaintiff cannot afford to</u> <u>visit his own children,</u>** (Emphasis added) has had to apply for food stamps or obtain VA meal tickets, borrow money from veterans' assistance and is being pressed into a bankruptcy state for a second time. And perhaps most difficult of all to understand has been this courts complete refusal to recognize the matter of record mental health conflicts of the plaintiffs former spouse, Catherine E. Pickar, her on again ,off again life long battle with manic depressive disorder, her matter of record inability to remain compliant with her treatment and medication and the immense damage this has exposed this plaintiff and their children to which can only be construed as <u>reckless endangerment of the minor children.</u> (Emphasis added)  In addition this plaintiffs repeated efforts to present to this court the effects of eight years of completely one sided malicious prosecution, and its effects on not only the plaintiffs pro-se abilities in court (results of prolonged <u>intimidation</u> on plaintiff notable in both court transcripts and medical records)  but also its progressive damage to this plaintiffs  psychological and physical health **_"all of which is notably during_**

*__and post divorce in onset and duration"__* (the plaintiff has been taken from this court building on a

gurney by emergency medical personal on two occasions 11/13/02 and on 3/3/05 (Billing Letter from

Woodstock Fire Rescue service date of 11/13/02 & billing from Centegra Health dated 03/03/05 , 5

(others in record) AEU (Emergency Room) visits North Chicago V.A. Hospital 8/30/2002,

2/03/2003,3/30/2003, 1/13/2004, 2/16/2004). All of which are direct results of actions of opposing

council or the court itself; in attachment as **Exhibit C)**    Further, In consideration of the time frame

as noted and all that is presented within the contents of this document and its attachments this

petitioner can only perceive the above as coercion or inducement to commit suicide proceeding from

the orders and processes of this court and its predecessors. Further, despite the inherent Constitutional

protections for parental rights, and despite perhaps 130 or more years of supportive and protective

decisions regarding parental rights emanating from the U.S. Supreme Court and lacking any finding of

this plaintiff regarding his unsuitability to remain a father to his daughters with no suitability hearing on

record with the instant state court, this court continues to unlawfully deny the plaintiffs rights as the

soul biological father to Elizabeth & Abigail Lasheff . "Amendment VIII Excessive bail shall not be

required, nor excessive fines imposed, **__nor cruel and unusual punishments inflicted".__** (emphasis

added) 'A penalty offends the proscription against cruel and unusual punishment when it is 'so

disproportionate to the crime for which it is inflicted that it shocks the conscience and offends

fundamental notions of human dignity.' (In re Lynch (1972) 8 Cal.3d 410, 424; In re DeBeque (1989)

212 Cal. App.3d 241, 248.)"There is no time limit for attacking a void Judgement under N. D. R. Civ.

P. 60(b)(iv)" Eggl v. Fleetguard, Inc. 1998 ND 166, 583 N.W. 2d 812  "A Judgement is void if the

court acted in a manner inconsistent with due process". "A void Judgement is a nullity and may be vacated at any time." 261 Kan. At 862 "Where a court failed to observe safeguards, it amounts to denial of due process law, court is deprived of juris." Meritt v. Hunter C.A. Kansas 170 F2d 739. The plaintiff has found it impossible to proceed under these conditions in court and in truth I now find myself becoming physically ill up to three days prior to a scheduled hearing and on several occasions this has led to (at least 6) emergency room visits (Two just prior to or during court hearing) or hospitalizations as referenced in medical records in attachment. Plaintiff request this court to note that in essence the 19th Judicial Circuit has and continues to Hound this plaintiff into an early grave based on false allegations, misconceptions & extreme gender bias and this has been occurring for the better part of the eight years previously mentioned. (Letter dated 4/3/01 From doctor George Lutz VA Medical Center written a few days before sentizing hearing in case No. 98 CF 959, Billing letter from Woodstock Fire Rescue service of 11/13/02 & billing from Centegra Health dated 03/03/05, 5 (others in record) AEU (Emergency Room) visits North Chicago V.A. Hospital 8/30/2002, 2/03/2003,3/30/2003, 1/13/2004, 2/16/2004 All of which are direct results of actions of opposing council or the court itself; in attachment as **Exhibit C)**

## NOTICE OF RELATED CASES

7) Plaintiff also wishes respectfully to demand mandatory judicial notice, pursuant to Rule 201(d) of the Federal Rules of Evidence, and pursuant to the Full Faith and Credit Clause, of the following related cases supporting and documenting some of the above allegations, to wit: Franke v. Franke98 DV 1135, 19th Judicial Circuit Court Woodstock Illinois the honorable Judge Joseph P. Condon

presiding, Decision overturned by Second Judicial District Appellate Court case No. 03-1003

(2004). .......... Erin v. Alan Schacht 96 DV 232, 2d Appellate District   Case No.2-02-0998. Judgment

vacated and cause remanded back to 19th judicial circuit There is a sufficient pattern of judicial abuse to

substantiate that the honorable Judge Joseph P Condons past and Judge Gerald M. Zopps prior

jurisdiction over the instant state action was most likely *void ab initio*,(Emphasis added) and even if

not, that any attempt at continuing exercise over the state proceedings *is* void. Further, the plaintiff

wishes this court to note that regarding State case No. 96 DV 767   in December of 2003 it was

discovered the law firms that filed the petition for divorce and that represented Catherine E. Pickar

a.k.a. Lasheff a.k.a Huff in the beginning of these proceedings through trial and entry of the judgement

of divorce, were not registered with the Illinois Supreme Court to practice law. This non-compliance

with rule 721c existed from at least the fall of 1996 through its discovery in December of 2003.

Illinois Supreme Court Rule 721(c) prohibits a corporation from engaging "in the practice of law in

   Illinois... without a certificate of registration issued by this court." A corporation that practices  law

without a certificate is engaged in the unauthorized practice of law . The petitioner then moved to

dismiss the action and, later, to vacate the void dissolution judgement .Both motions were denied by the

honorable Judge Joseph P. Condon based primarily on Judge P. Condons belief (Stated on record) in his

Constitutional Right to sit in Judgement of case 96 DV 767 despite the noted violations of 721(c) and

further that the Legislators in drafting these Laws were only motivated by the Revenue generated.

Appeal to the Illinois Appellate Court Second Judicial District, Brief and Argument for Defendant

Appellant Filed May 26,2004. However, plaintiff now has no confidence in a just decision forthcoming

from the State Appellate Court based on his prior experience as presented within the context of this

document and the previously noted concerns as to the truth and accuracy of the State court

record........ On Nov 18th, 2004 a Rule 23 Order was filed by the second district appellate court of Illinois

Denying the plaintiffs appeal. Plaintiff questions the legality of an unpublished and non-citable Rule 23

especially noting the questionable validity of the Record of State Proceedings page 5 this document.

Plaintiff also wishes this court to note that although many of the complaints in attachment herein were

presented to the plaintiffs appellate attorney he refused to document any of these grievances in our

appeal before the 2nd district outside of the licensing issues as noted. Once again overlooking key issues.

A judgment obtained without jurisdiction over the defendant is void. Overby v. Overby , 457 S.W.2d

851 (Tenn. 1970)        "Disqualification is required if an objective observer would entertain reasonable

questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to

conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added].

Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).  Courts have repeatedly held that positive proof of the

partiality of a judge is not a requirement,  only the appearance of partiality. Liljeberg v. Health Services

Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or

prejudice but its appearance)  United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a)

"is directed against the appearance of partiality, whether or not the judge is actually biased.")  That

Court also stated that Section 455(a) "requires a judge to recuse himself  in any proceeding in which

her/his impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant

-14-

not only actually receive justice, but that he believes that he has received justice.' Further, the petitioner is extremely hard pressed to maintain or even justify continued questionable if not hopeless litigation in the said instant State Court or the * State Court of Illinois in general. Noting the references to bias or inequality of justice the court record should demonstrate that within the eight or nine years of litigation before the 19th judicial circuit one would be hard pressed to find even a single decision in favor of this plaintiff.  Bright v. Dick, 166 Ill. 2d 204,210, 652 N.E. 2d 275,209 Ill. Dec 735 (1995) " The rules of court we have promulgated are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written".

**8)** **Assistant States Attorney Charles E. Crouse** *Relative to his position with the Illinois States Attorneys Office within the Nineteenth Judicial Circuit court Woodstock Illinois Assistant States Attorney Charles E. Crouse has initiated repeated hearings before the court in relation to a wrongful charge of failure to provide for minor children (motion to vacate on file with State court) and as noted under the previous defendant, alleged child support & alimony arrearage's. Mr. Crouse is fully aware of this plaintiffs appeal with the State Second Judicial Circuit (Brief and Argument filed on May 26, 2004) which brings the entire State case 96 DV 767 into question based on Jurisdictional issues yet, Mr .Crouse has been responsible for most of what has been approximately seven continuances.(Judicial Economy?) and has continued to press for sanctions and further prosecution. On one occasion this plaintiff was in court for the better part of two hours while being represented by a public defender (the court, Mr. Crouse and the public defender being fully apprised of the presents and intentions of the plaintiff) and when this

-15-

plaintiff excused himself from court on a call of nature(5 min's) returned and sat for approximately

another 45 minutes only to realize upon final call of court that his case had been once again continued.

No explanation from public defender.  Mr. Crouse has presented letters to this  plaintiffs former attorney

Mr. Wesley Pribla noting intentions  for further prosecution based on false information and assumptions

and this same inaccurate information has been brought before the court by Attorney Crouse.     In re

Lamberis (1982), 93 Ill.2d 222, 229, 66 Ill. Dec. 623, 443 N.E.2d 549." "The Court has broadly defined

fraud as any conduct calculated to deceive, \ whether it be by direct falsehood or by innuendo, by speech

or silence, by word of mouth, by look, or by gesture. Fraud includes the suppression of the truth, as well

as the presentation of false information."    When Mr. Crouse was provided with more current

information(some of which had been on file with the court for over six months)  by plaintiff thru the

public defenders office and after the above noted filing of motion to vacate, Mr. Crouse then indicated

that he was willing to drop charges pending this plaintiffs agreement to offer him (Mr. Crouse)

something in return. This then noted as being the one thousand  dollar bond (to be put towards alleged

arrearage's) paid after an arrest of this plaintiff on 10/09/03 stemming from the previously mentioned

wrongful charge of failure to provide for a minor and this arrest occurring with no previous service or

Miranda of any kind.   " If the acts which the state attorney general*(officer of the court)* seeks to enforce

be a violation of the Federal Constitution, the officer, in proceeding under such enactment,  comes into

conflict with the superior authority of that Constitution, and he is in that case stripped of his official or

representative character and is subjected in his person to the consequences of his individual conduct. The

State has no power to impart to him any immunity from responsibility to the supreme authority of the

-16-

United States."

209 U.S. 123, 159-60 (1908) (Emphasis within original)     In Bulloch v. United States, 763 F.2d

1115, 1121 (10th Cir. 1985), "Fraud upon the court is fraud which is directed to the judicial machinery

itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is

where the court or a member is corrupted or influenced or influence is attempted or where the judge has

not performed his judicial function --- thus where the impartial functions of the court have been directly

corrupted.     Plaintiff wishes this court to know that " at no time" has he been  willfully negligent in his

obligation to his biological children . <u>Further, the alleged arrearage's as presented have been arrived at</u>

<u>with  absolutely no input or lawful representation permitted to this plaintiff.</u> (Due Process Clause of the

U.S. Constitution) On Aug 12, 2004 without this plaintiff being in attendance and without discussion on

the merits of this plaintiffs filing in response, the afformentioned $1000 dollar bond is assessed toward

alleged arrearage's .Although my NOTICE OF FILING OF Sept 4,03 noting compliance with child

support and covering alleged  arrearages of almost $20,000 and noting coverage back to and effective

from 10/2001 4 pages & my then attorney Mr .Pribla having a copy of and being fully aware of the

content of this filing of Sep 4,2003; Yet, I still find myself facing an arrest warrant of 10/9/03 ,an arrest

and then the aforementioned $1000 dollar bond NO 03 CM 1833. Further; even though Mr. Crouse was

reappraised of the currency  of my child support obligation via a letter from the Public defenders office

on March 8th 2004 letters from the States Attorneys office of January 06,2004 & May 19th 2004 continue

to be filled with misinformation and pure assumptions on the part of the assistant States Attorney Mr. C

Crouse . (9 pages,  in attachment as **Exhibit D**)  Please note the above issues with the

Assistant States Attorney occurred while our appeal with the 2nd Circuit Appellate ,(in question the

**Jurisdiction** of the 19th Judicial Circuit regarding 96 DV 767 )the outcome of which had yet to be decided. And yet, the States Attorney continues to prosecute? What information was the State privy to that I was not? How can they States Attorney continue to go forward and prosecute when Jurisdiction is at that very time in question and has yet to be decided by the appellate court?.

**9)** **Judge Gerald M. Zopp** *In his adjudication and administration of state case 96 DV 767 the honorable Judge Gerald M. Zopp Jr. was well aware of a conflict of interest and its distinctive effects on the deliberations within this court. Noting that Judge Zopps spouse ,my former spouse and the wife of my own attorney Michael Duwaldt were at the time of our dissolution all employed in a teaching capacity with McHenry County College in Woodstock. This fact was discussed in open court in a manner as if to brandish this issue before this plaintiff and when I expressed my complaints to my attorney he indicated he would raise my concerns to the Judge which he then failed to do. I latter attempted to raise the issue of conflict of interest on my own and I was ignored. It was very clear to this plaintiff that my ex-wife Catherine Pickar aka Lasheff aka Huff was utilizing every opportunity available to her to include influencing the court thru direct access to a member of Judge Zopps immediate family. This again became very clear in visible ex-parti conversations or statements between my ex-wife's attorney Mr. Freeman and Judge Zopp or this plaintiff's own attorney Mr. Duwaldt. There appeared to be no attempt to conceal this at all. Judge G. Zopp issued very unequal and even discriminatory rewards in this dissolution (***Exorbitant Child Support / Maintenance and Disproportionate Property Division one of many examples being-*** 60% of this plaintiffs employment pension '15+years of service' from less then

four years of marriage) which in part was clearly based on information that he had obtained outside of

that which should have been a matter of court record. That Court also stated that Section 455(a)

"requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be

questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th

Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that

he believes that he has received justice." The Supreme Court has ruled and has reaffirmed the principle

that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038

(1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe

from an interested party over which he is presiding, does not give the appearance of justice.   "Recusal

under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is

obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189

(7th Cir. 1989). Further, the judge has a legal duty to disqualify himself even if there is no motion

asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that

this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is

filed." Balistrieri, at 1202. Judge Zopp displayed open contempt for this plaintiff and used threat and

intimidation to press for a quick and unjust end to litigation that amounted to pressuring this plaintiff

into decisions more in keeping with the courts pre-determined outcome. The plaintiff attempted thru

council,  Judge Zopp and to the Chief Judge of the court then Judge Sullivan to  present grievances only

to be rebuffed repeatedly.   It is this plaintiffs opinion that much of what occurred in this court clearly set

the stage for a long succession of

compounded civil rights violations venturing even in to what can only be seen as human rights violations perpetrated against my family. Plaintiff states that the Illinois Complied Statutes of the Illinois Marriage and Dissolution Act 750 ILCS 5/ were in no way adhered to or lawfully implemented in their entirety in State of Illinois case 96 DV 767 and in support of this allegation plaintiff includes copy of his Petition (Please note exhibits in attachment with this filing)for an Independent Psychological & Physical Examination of the Minor Children/ ( Filed in said state court on June 07, 2004 and in attachment as Exhibit E ) . Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause."). "To obtain qualified immunity, defendant must show that his conduct did not violate clearly established statutory or constitutional rights of which reasonable person would have known; the standard is an objective one and defendants's subjective belief that he/she handled situation properly is irrelevant", {C.M. vs. Southeast Delco School Dist. #828 F. Supp. 1179; and, "A governmental official performing a discretionary function is subject to suit for violation of constitutional rights if the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing would violate that right", Northeast Jet Center, Ltd. vs. Lehigh-Northampton Airport Authority, #767 F. Supp. 672; and, "Governmental bodies do not enjoy qualified immunity from damage actions under Title USC #42 @ 1983" {Hedge vs. County of Tippecanoe, #890 F. 2d 4.

-20-

**10)** <u>**Catherine E. Pickar**</u> aka Huff, aka Lasheff.   Petitioner complains that despite the matter

of record and open admission (Reference Child Custody Report of Jan 24, 1997 P-4,5) fact that

the defendant has <u>not been in compliance with her medication protocol</u> (*Lithium & Navane*), has a

long documented history of mental health aberrations (Records on file with American Hospital Systems,

Elgin Mental Health Center Records 742-1040, Lakewood Medical Libertyville Illinois) which included

*<u>suffering from an illness that is a noted common contributor to the very cause</u>*

*<u>and reasons for the dissolution and latter violence.</u>* **(Emphasis added) (Exhibit E )**Further, as this

relates to the children, Catherines diagnoses is commonly known as a <u>Genetically inherited illness</u>

(Exhibit E)and has already manifest itself in at  least  two of the children and as the defendant Catherine

Pickar is in regular denial of her own diagnoses the Plaintiff is once again very concerned for the welfare

of the children.. The defendant Catherine Pickar was also serving a one year probation ordered by the

above named court (19TH Judicial Circuit, Woodstock) for one of several previous assaults on the

petitioner (97 CM 4006 bench trial before Judge Caldwell ,letter of April 20,1998 from Office of the

States Attorney (2 pages) and 1 page L.I.T.H Police printout noting three Domestic Battery complaints

12/01/1997, 1/02/1998, Excerpt from Jan,1997 custody evaluation page 3 paragraph 6  attachment as

Exhibit H) that although Catherine was found guilty of this and was also serving a one year probation ,

whereupon  this occasion assaults this plaintiff with a deadly weapon while at the plaintiffs  address, "all

of which were in evidence at the time and date that the crime recorded in State case No. 98 CF 959

occurred" and noting the many related  issues of complaint as referenced in this document; Plaintiff

states, * <u>**How is it then possible**</u> that the instant state court is somehow able to overlook this. <u>**Once again**</u>

the defendant Catherine E. Pickar the plaintiffs former Spouse is now and has been since her early

childhood suffering from very problematic Mental health diagnoses's (Life long Illness) that is a matter of

both historical documentation and that of the Court Record in State of Illinois case. 96 DV 767 & 98 CF

959 ,The real problems arise when Catherine is not in compliance with her diagnosed medical protocol

which is also a mater of frequent record. (Reference page 4 Jan 1997 Child Custody Evaluation) This

then promotes instability in the defendants behavior and great concern for those around her. In addition

despite court record and witness to the contrary the defendant Catherine E. Pickar has openly stated that

the minor children have suffered no physical or psychological pain during the entire process of this

dissolution ? This again is clearly counter to the record and insults even common sense and once again

demonstrates the defendants callous attitude toward the children, her very own flesh and blood.     A

further question is raised in what standing does the reason for mental cruelty as grounds for divorce have

when the defendant Catherine E. Pickar is on record and on record before this court as having long term

Mental Health problems of which she was in denial of and not incompliaince with her medical treatment

at the time the filing for divorce before said court? In addition no proof or documentation for defendants

claim of mental cruelty was ever presented to this court. The defendant Catherine E. Pickar repeatedly

perjured herself in open court and on one occasion even contradicted a statement that she had made to the

Lake in the Hills Police ;  This statement being an integral part of the prosecutions case and actually led

to a call to the judges chambers of both prosecution and defense attorneys. Further, There is a long record

of abuse of process in and through the frequent abuse of orders of protection and other filings within the

state court .The defendant Catherine E. Pickar has been consistently documented in acts of abuse and

negligence towards the children, long-ranging neglect of several important matters regarding the

children, (Exhibit H & E)consistent slander and efforts at alienation of affections. " Court rulings that

the Parental Alienation Syndrome has gained general acceptance in the scientific community and thereby

satisfies *Frye Test* criteria for admissibility.[excerpt] In re Violetta 210 Ill.App.3d 521, 568 N.E2d 1345,

154 Ill.Dec. 896(Ill.App. I Dist Mar 07, 1991).*In re* Marriage of Divelbiss v. Divelbiss, No. 2-98-0999

2nd District, Ill.(Appeal from Circ Crt of Du Page Cty No. 93-D-559) Oct 22, 1999. Tetzlaff v. Tetzlaff,

Civil Court of Cook County, Il., Domestic Relations Division, Cause No. 97D 2127, Mar 20, 2000. Bates

v. Bates 18th Judicial Circuit, Dupage County, IL Case No. 99D958, Jan 17, 2002." All three of the

defendants children are currently products of broken homes and have demonstrated the effects of their

mothers at times bizarre behavior. Serious domestic violence attacks against this plaintiff – even *in the*

*presence of* the children (in attachment **Exhibit H**)– and, a general haphazard disdain for the minor

children's welfare, needs, and emotional stability... yet, the state court essentially coddles her behavior

**_against_** the best interests of the children, and *even* has gone to certain extraordinary lengths to shelter,

assist and even reward some of these egregious manifestations. Additionally, multiple commissions of

fraudulent reporting of income and expenses thru the Illinois Department of Child Support Enforcement

making repeated adjustments to this plaintiffs Disability income from Social Security with no notable

court orders. Both these agencies appear to act solely on the Defendant Catherines request. Theses and

other actions have been committed in knowing, intentional, and willful concert by defendant and her

prior council and when these incidents have been presented to the instant state court, they were also

-23-

ignored; The result is judicial-attorney conspiracy to commit child support fraud and further unlawful deprivations of property without due process, all in violation of the Constitution. Plaintiff also wishes this court to note that he was not apprised of this defendants medical condition nor of her first born sons associated diagnoses prior to their marriage. Further, the defendants immediate family made no effort to inform this plaintiff of these highly problematic issues prior to the plaintiffs discovery almost three years latter. The defendant Catherine E. Pickar has been consistent in her efforts at defamation of the plaintiff even prior to her filing for divorce. Further, the defendant currently openly admits to alienation efforts regarding the children, opening all the children,s mail sent by their father this plaintiff. Not allowing the children to write letters to their father and discouraging phone calls to their father and even using e-mail and the Intranent to harass and make defamatory remarks regarding the plaintiff. The State courts complete and total gender bias in this case against this plaintiff has emboldened the defendant to acts with absolutely no concern for their harmful effects upon the minor children . The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); In re Village of Willowbrook, 37 Ill. App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935).

**11)** **\*Turning Points**    Plaintiff wishes to state that from the very onset of this plaintiffs

involvement with the 19th Judicial Circuit Court in Woodstock Illinois the organization known as

Turning Points has been as a matter of record and thru regular contact with Catherine Pickar (this

plaintiffs former spouse) involved with State of Illinois case 96 DV 767 and the following State of

Illinois case.98 CF 959. It should be noted that 'Turning Points' has from at least 1996 and continues

currently to hold office space within the confines of the Woodstock courthouse. Lake In The Hills

police personnel have indicated to this plaintiff that the organization known as 'Turning Points' had on

at least one occasion been under investigation due to allegations that they 'Turning Points' were in fact

a special interest group with decidedly **anti-male sentiments**.(Emphasis added) The public

presentations of Turning Points and other supportive agencies as in The National Coalition Against

Domestic Violence and The office Of Violence Against Women would have the Public believe that

women never assault or even murder men in domestic conflicts or that the number of female

perpetrators is so infinitely minute that it is not even worth mentioning., Further, it is the perception of

many that when a woman strike's a man or boy that this is somehow cute or even funny.  These

discriminatory concepts, defy current statistics, research and even common sense.  *Domestic Violence*

*is not and never has been a Gender Specific problem.* (Emphasis added) This should be evident

within the context of this complaint and its attachments,**(Exhibit H)** thru many professional agencies,

and readily available statistics. The plaintiff is most assuredly in favor of protections for women,

However, simply because the average male is heavier and stronger then the average female should not

be grounds for this type of discrimination which over the last decade or so has grown into something

-25-

that should be considered a Hate Crime.

(Data available to this court from plaintiff) In conversations and confrontations with staff members of this group, conversations with staff members of the Lake in the Hills Police dept. past organizers of Turning Points, its apparent connections with federal domestic violence support groups and Turning Points very own public mission statement and other informational data that this agency displays on the internet this petitioner believes that it was very clear that during the years of his involvement within the Woodstock court (1996- current) the staff of Turning Points was fully and openly antagonistic toward this plaintiff, would not return telephone calls, refused requested assistance and its **unequal and discriminatory influence (Gender Bias)** has no place in a court of law and most definitely should not be allowed to hold office space within said premisses. The initial prosecutor for the State in Illinois case 98 CF 959 assistant States Attorney Donna J. Macky was seen to frequent the office of Turning Points during the proceedings in said case. Title 42 Chapter 94 Subchapter II Sec 8625 Nondiscrimination provisions (a) Prohibitions No person shall on the ground of race, color, national origin , or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity funded in whole or in part with funds made available under this subchapter. Any prohibition against discrimination on the basis of age under the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.) or with respect to an otherwise qualified handicapped individual as provided in section 794 of title 29 also shall apply to any such program or activity. . United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from

bias or prejudice is based, not on section 144, but on the Due Process Clause."). (Informational

material downloaded from www.mchenrycountyturningpoint.org 7 Pages, 1 page "About the office

Violence Against Women, 2 Letters from Illinois State Representative, 2 page article Referencing

Domestic Violence within Exhibit F )    (Facts & Statistics of issue in rebuttal readily available thru

plaintiff) Further, note regarding State of Illinois case.98 CF 959 the Original Judge assigned to this

case, the honorable Thomas A. Schermerhorn makes a statement of his belief in this plaintiffs guilt at

the bond hearing in open court? Plaintiff states how does this then comply with the concept of a fair

trial

12)   **Judge Michael T. Caldwell** * On several occasions in his administration of issues within his

court the honorable Judge Michael T. Caldwell demonstrated his discriminatory opinions regarding

Inequality of Justice or Double Standards, Domestic Violence and the gender bias's that color these

issues. Judge Caldwell was involved in the decision making process on two or more questionable orders

of protection, was the Judge of record in a domestic battery charge brought by the State of Illinois

against Catherine E. Pickar aka Lasheff case 97 CM 4006 .Of particular note in the proceedings (97

CM 4006 bench trial before Judge Caldwell ,letter of April 20,1998 from Office of the States Attorney

in attachment as Exhibit H) that although Catherine was found guilty of the charge of domestic battery

and was placed on one year probation Judge Caldwell proceeded to lecture this plaintiff on the fallacy

of having any direct communication with my ex-spouse? Now this seemed somewhat out of place

considering there was no provocation involved and  that we were attempting compliance with a *court

imposed joint custody agreement* ( emphasis added) which included the basic understanding of open

-27-

communication. Further, at the completion of this hearing the assistant States attorney Mr. Ronald R.

Inderbitzen commented to this plaintiff that he had hoped to press for at least an anger management

class as part of Catherines probation however, he decided not to press this issue as he(Mr. Inderbitzin)

had felt Judge Caldwell seemed hard pressed to go as far as he did.     The honorable Judge Michael T.

Caldwell was also the Judge presiding in  State of Illinois case.98 CF 959. **(Proceeded as a bench

trial with no input from this plaintiff regarding his wishes for a full jury trial)** (Emphasis

added)and during this trial which began in September of 1998 through May of 2001 the following was

in evidence and witnessed by the plaintiff, members of the plaintiffs family and friends: Numerous

violations of plaintiffs rights as guaranteed in the U.S. Constitution, the State of  Illinois Constitution

and both state and federal statutes to include but not limited to; Tampering with states evidence,

attempted bribery of witness, falsified testimony of alleged witness, conflicting testimony of alleged

victim, denial of right to confront or cross examine witness, special interest influence, tampering with

official court transcripts, uncontrolled and inaccurate  press coverage and clear ineffective assistance of

council. Further , the plaintiff states that the truth regarding State of Illinois case.98 CF 959. has never

been fully presented to this or any other court of Law in the State of Illinois and although plaintiff has

made numerous efforts and expended vast amounts of money to correct this thru the. State of Illinois

Legal system, plaintiff no longer has any confidence in a just outcome. The plaintiff also complains that

despite the matter of record fact that the alleged victim was not in compliance with her  medication

protocol (*Lithium & Navane*), has a long documented history of mental health aberrations, which

included suffering from an illness that is a ***noted common contributor to the very causes and reason***

*for the dissolution and latter violence.* (This illness, Bi-Polar and paranoia was re-diagnosed and referenced by medical staff within the January 24, 1997 Child Custody Evaluation in attachment **Exhibit E.**)Further the defendant Catherine E. Pickar was serving a one year probation ordered by the above named court (19TH Judicial Circuit, Woodstock) (97 CM 4006 bench trial before Judge Caldwell ,letter of April 20,1998 from Office of the States Attorney (2 pages)and 1 page L.I.T.H Police printout noting two Domestic Battery complaints 12/01/1997, 1/02/1998, Excerpt from Jan,1997 custody evaluation page 3 paragraph 6  attachment as **Exhibit H)**  that although Catherine was found guilty of this, one of several previous assaults on the plaintiff and on this occasion assaults this plaintiff with a deadly weapon while at the plaintiffs address, "all of which were in evidence at the time and date that the crime recorded in State case No. 98 CF 959 occurred" and noting the many related  issues of complaint as referenced in this document; Plaintiff states, * How is it then conceivable that he is then arrested, made to endure approximately two and one half years of malicious prosecution and intense slander without the benefit of  proper council nor the benefit of an impartial jury and is even compelled to be a witness against himself, all in complete  disregard for the protections inherent in both the V and VI Amendments of the U.S. Constitution? (*Note; plaintiff had no prior criminal record of any kind*) (emphasis added) Further, Judge Michael T. Caldwell in his summation on the date of the sentizing hearing reads from a falsified  written statement of an alleged witness whom was never brought before the court for testimony or cross-examination. This statement made by Judge Caldwell in the presents of at least five witnesses present on behalf of this plaintiff was then not to be found in the court transcripts received by the plaintiff.    And finally shortly after this plaintiff was allowed to make his final

statement Judge Caldwell immediately prior to handing down his sentence said quote ***"Well he still***

***wants to see them"*** unquote, this in reference to the plaintiffs comment about not being able to see my

own biological daughters. Plaintiff asks what possible reason or purpose could Judge Caldwell have for

making such a comment at this time and place? In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the

Court stated that "It is important that the litigant not only actually receive justice, but that he believes

that he has received justice." The Supreme Court has ruled and has reaffirmed the principle that "justice

must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960),

Sec. 1981. - Equal rights under the law (a) Statement of equal rights All persons within the jurisdiction

of the United States shall have the same right in every State and Territory to make and enforce

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings

for the security of persons and property as is enjoyed by white citizens, and shall be subject to like

punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. "Recusal

under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is

obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d

1189 (7th Cir. 1989). Further, the judge has a legal duty to disqualify himself even if there is no motion

asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that

this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is

filed." Balistrieri, at 1202. Judges do not have discretion not to disqualify themselves. By law, they are

bound to follow the law. (emphasis added) Should a judge not disqualify himself as required by law,

then the judge has given another example of his "appearance of partiality" which, possibly, further

disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect. Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.")    "A governmental official performing a discretionary function is subject to suit for violation of constitutional rights if the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing would violate that right", Northeast Jet Center, Ltd. vs. Lehigh-Northampton Airport Authority, #767 F. Supp. 672; and, Governmental bodies do not enjoy qualified immunity from damage actions under Title USC #42 @ 1983" {Hedge vs. County of Tippecanoe,#890 F. 2d 4_  The Appeal in case No. 98 CF 959 Which was initiated in August of 2001 And representing this plaintiff was Assistant Defender Kathleen J. Hamill 2nd circuit. (Letter From Mrs. Hamill dated Feb 13, 2002 in addition to other proceedings within Exhibit M.) Although this plaintiff was relatively confident with Mrs, Hamill's efforts on my behalf I remained in confusion and disbelief regarding that which was or was not admissible from the Record of the Court and further the conflicts I raised with the contents of the Official court Transcripts Therefore, once again, the plaintiff states that due to the concerns related to Fraud, malpractice and conspiracy violations as presented within the context of this document and the complaint filing as a whole that he remains in doubt as to the truth and accuracy of

the State court Record.    Amendment XIV Section 1.    "Jurisdiction once challenged cannot be

assumed and must be decided." -State of Maine v. Thiboutot, 448 US 1, 100 S. Ct. 2502 (1980).


**13)**    <u>McHenry County Jail Corrections Staff</u> * The plaintiff also complains that at the conclusion

of sentizing in state of Illinois case No. 98 CF 959 petitioner was exposed to negligent and abusive

treatment by the corrections personnel of the McHenry county jail. This through the denial of

prescription medications, physical assault and drugging to incapacitate the plaintiff which relates

directly to injuries sustained and is part of medical diagnoses granting current Disability. ( Damage

and deformation of T-12 vertebrae, initial medical finding 7/31/02 by the Arthritis & Internal Medicine

Specialists Ltd. Through Bureau of Disability for Social Security Disability. **(NOTE Exhibit J) This**

**spinal injury has left the plaintiff with chronic back pain requiring daily medication. )** This  in

violation of the plaintiffs eighth amendment protections. Amendment VIII ,Excessive bail shall not be

required, nor excessive fines imposed, <u>nor cruel and unusual punishments inflicted</u>. Also please note

that at no time during any of the three or more arrests completed within or without this court house jail

facility was this plaintiff ever provided with his Miranda Rights prior to, during or after plaintiffs arrest.

Miranda v. Arizona 1966. In addition fraudulent, and slanderous records made up by the staff of this

facility followed me from one point of incarceration to another, and on each occasion created a vary

disproportionately negative and even abusive treatment from the staff at each new facility.

(Plaintiff wishes court to note references contained within to involvement of Turning Points Staff,

Aggressive press exposure and the long term use of slander and false allegations and their relationship as ***compelling factors*** in the above allegations)(725 ILCS 5/103-2) (from Ch. 38, par. 103-2) Sec. 103-2. Treatment while in custody. . (c) Persons in custody shall be treated humanely and provided with proper food, shelter and, if required, medical treatment. (Source: Laws 1963, p. 2836.) Cruel and unusual punishment . Punishment that is tortuous ,degrading, inhumane, grossly disproportionate to the crime in question, or otherwise shocking to the moral sense of the community. 'Blacks Law'. Excessive Punishment. Punishment that is not justified by the gravity of the offense or the defendants criminal record. 'Blacks Law'

**14)** **Lake in the Hills Police Department** involvement came about due to the conflicts my family began having on or about the summer of 1995. Due to Catherines Pickars aka Lasheff's inability to remain in compliance with her treatment protocol part of which was a problem with paranoia wherein relatively minor domestic quarrels were escalated out of any proportion to real events. This escalation being false allegations, arrests and orders of protection. Defendants family was well aware of and experienced with this type of behavior from Catherine however, the family neglected to relate the degree or particulars of her diagnoses prior to or during the four years or so of our marriage. Then in the Fall of 1996 a Mrs. Susan Blechesmidt in her capacity as a social worker employed by the Lake in the Hills Police became involved with our family. Mrs. Blechesmidt spent a great deal of time and effort in counciling Catherine, Andrew and this plaintiff in an effort to help with our domestic problems. She also ran interference 'so to speak' with the Ladies of Turning Points on my behalf through her contacts in this organization and with members of the staff of Centegra Horizons whom had been contracted to

-33-

complete our Joint custody evaluation. It is through Mrs. Blechesmidt and latter Officer J. Gadrim also

of the L.I.T.H Police that a clear picture of the real source of our families domestic conflicts began to

emerge and both Mrs. Blechesmidt and Officer Gadrim gave witness to their concerns through input into

our <u>Joint Custody Evaluation</u> (In Attachment within Exhibit E Approximately 98 pages.). I trusted this

ladies opinions and advice, that is until the latter half of 1998 and the statements reportedly made by

Mrs. Blechesmidt to the chief of the Lake in the Hills Police Department regarding the apparent stress

level that I was experiencing.            **\* Mrs. Blechesmidt knew all to well the degree of**

**negligence and disparity that was occurring in court and its highly stressful effects on this**

**plaintiff however, this issue had clearly become more of an *imagined* <u>threat to the officers</u>**

**<u>of the department and the community</u> when the fact that the plaintiff was a long time collector**

**of militairia was brought into the picture. (Emphasis added)** (Noted inclusion of <u>**firearms,**</u>

<u>**Exhibit G**</u>  ) The plaintiff recalls a conversation with his attorney Ridgway regarding his (plaintiffs)

belief that the primary reason for the Lake In the Hills Police turning so aggressive in their efforts to

prosecute this plaintiff was the simple fact that I had become in their impression an <u>armed threat</u>

<u>*(imagined)*</u> to their officers and that the other problem (Catherine Lasheff aka Pickar) was no longer a

problem for them as she now resided outside of their jurisdiction in Woodstock. Attorney Ridgways

reply to this impression was that <u>*"your probably correct but if you cannot prove it you don't dare raise*</u>

<u>*it"*</u> (Emphasis added) It is this issue that in the opinion of this plaintiff then became the <u>***prime***</u>

<u>***Motivation***</u> for the Lake In The Hills Police to proceed as they did in case 98 CF 959 hereafter. "(Note

reference to letter dated 02/01/1998 A Sunday morning & attached Lake In the Hills Police report

printout of 02/01/1998, 1 page copy of 5 photographs of historical collections and hobby interests in attachment as **Exhibit G.**)" It is at this point that the understanding support and assistance that I had been receiving from members of the Lake In The Hills Police came to an abrupt and unnerving end. The officers involved in 98 CF 959 were officers that I had no contact with prior to this point, never attempted to apprise this plaintiff of his rights and persisted in questioning this plaintiff during early morning hours in the hospital, while he was under the influence of medications and recovering from a knife wound. In State of Illinois case.98 CF 959.(Proceeded as a bench trial with no input from this plaintiff regarding his wishes for a full jury trial) and during this trial which began in September of 1998 and proceeded through May of 2001 the following was in evidence and witnessed by the plaintiff, members of the plaintiffs family and friends: Numerous violations of plaintiffs rights as guaranteed in the U.S. Constitution, the State of Illinois Constitution and both state and federal statutes to include but not limited to; Tampering with states evidence, Also please note that at no time was this plaintiff ever provided with his Miranda Rights prior to ,during or after plaintiffs arrest. Miranda v. Arizona 1966., Also attempted bribery of witness, falsified testimony of alleged witness, falsified testimony of arresting officer, conflicting testimony of alleged victim, denial of right to confront or cross examine witness, tampering with official court transcripts, uncontrolled and inaccurate press coverage (The Lake in the Hills Police as a matter of record made statements of pure assumption in clear opposition to findings of the Court, leading to Libelous media coverage, articles available) and clear ineffective assistance of council.(based on original defense pleading of (**Not Guilty by reason of self defense**). (**_Note; plaintiff had no prior criminal record of any kind_** (Emphasis .Added) This plaintiff has never received a clear answer as to why a report by the Lake in the Hills Police to the DCFS was apparently

-35-

never made following the **Juvenile Out of Control call on 8/27/96 Exhibit d within Exhibit E** (Emphasis .Added) especially noting the horrendous state of both the inside and outside of the home at three Deerpath (Photographs presented) and the matter of record fact that one of the children was taken to a mental institution (Columbia Woodland Hospital Hoffman Estates Illinois) immediately following this incident. (Note medical documents within **Exhibit C & E)** CITE-18 USC Sec. 2258 Failure to report child abuse STATUTE A person who, while engaged in a professional capacity or activity described in subsection (b) of section 226 of the Victims of Child Abuse Act of 1990 , learns of facts that give reason to suspect that a child has suffered an incident of child abuse, as defined in subsection (c) of that section, and fails to make a timely report as required by subsection (a) of that section, shall be guilty of a Class B misdemeanor SOURCE (Added Pub. L. 101-647, title II, Sec. 226(g)(1), Nov. 29, 1990,104 Stat. 4808.) Further, the plaintiff must now deal with the nightmare of not being fully informed of what his children have been exposed to during this period or the intervening years, one year of unlawful imprisonment, two years of humiliating parole and a life time burden of a felony label, loss of family, loss of home, loss of career, financial devastation, severe damage to his credit, damages to friend and family relationships, loss of children's birthright and petitioners ability to restore same, and *multiple hospitalizations, Post Traumatic Stress Syndrome, depression and now physical disability. (*Eight year's & counting of unequal, discriminatory and malicious litigation*) (Emphasis .Added) *__However, it is very clear to this plaintiff that the most debilitating and painful damage suffered by this plaintiff__ (Emphasis added) has been the long term separation from his own biological children Elizabeth and Abigail Lasheff, one half of their lives during the most formative years and more so both the short and long term pain, suffering and loss incurred by these "complete

innocents" whom have had <u>absolutely no voice</u> in the direction their lives have been forced into. Plaintiff

and soul biological father believes this to be the most Heinous Miscarriage of Justice he can begin to

imagine. A Clear violation of Amendment VIII once again. In Drury v. Lang, 105 Nev. 430, 433, 776

P.2d 843, 845 (1989) " Although the standard of proof for termination of parental rights proceeding is

clear and convincing evidence. The courts tend to be cautious in granting a termination of parental

rights. **<u>Severance of the parent-child relationship is "tantamount to imposition of a civil death</u>**

**<u>penalty"</u>** (Emphasis Added). TITLE 18 PART I CHAPTER 13

Sec. 241. - Conspiracy against rights If two or more persons conspire to injure, oppress, threaten, or

intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free

exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United

States, or because of his having so exercised the same; or If two or more persons go in disguise on the

highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment

of any right or privilege so secured - They shall be fined under this title or imprisoned not more than ten

years, or both; and if death results from the acts committed in violation of this section or if such acts

include kidnaping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated

sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years

or for life, or both.

### **ATTORNEYS INVOLVED AND PRESENTED AS DEFENDANTS**

The plaintiff would like this court to note at this time that at least three of my initially interviewed

counselors indicated to this Plaintiff that "There Was No Way that I would have any chance at sole

custody in <u>that Circuit</u> '19th Judicial Woodstock' These statements being made barely five minutes into

the interview.

**15)** **The law firm of Riffner, Freeman and Scott Chtd. and latter attorney Terrence J. Freeman**

_former partner in the afformentioned law firm were for the entire duration of their representation in

State of Illinois case 96 DV 767 in violation of Illinois Supreme Court Rule 721(c). Further, during

**Mr.Terrence J. Freemans** representation as an attorney in case 96 DV 767 he did willfully and

negligently cause severe damage to this plaintiff and his family as follows; Disregarded reported and

documented abuse and negligence of the minor children involved. Was involved in and promoted Ex-

parti communication between the presiding Judge and this plaintiffs own attorney of record. Knowingly

disregarded and openly discussed a direct violation of Conflict of Interest in relation to Judge then

presiding. Drafted and promoted a Joint Custody Agreement that was at the very least three to four

hundred pages in length and for this and many other reasons was flawed and unworkable. Mr. Freeman

misrepresented issues before this court and outright lied in open court regarding factual elements of our

case and issues before this court. Pressed for and was granted monetary sanctions against this plaintiff in

bankruptcy court despite the above and the fact that he was not even present during the two previous

hearings.          In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), "Fraud upon the

court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or

fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or

influenced or influence is attempted or where the judge has not performed his judicial function --- thus

where the impartial functions of the court have been directly corrupted."

-38-

**16)** **\*<u>Attorney Michael J. DuWaldt</u>** represented this plaintiff through the greater part of the dissolution process in State of Illinois case 96 DV 767 and during this time Mr. DuWaldt did willfully and negligently cause severe damage to this plaintiff and his family as follows; Misrepresented himself as a fathers rights advocate. Permitted a distinct and clear Conflict of Interest to enter into the litigation of Case 96 DV 767 despite his own involvement and his clients protests. Allowed pre-hearing consultations between the presiding Judge and opposing council. Made no effort to address issues of aggressive use of slander and alienation by my former spouse. Made no attempt to place any focus on my wife's Mental Health issues even though they were raised in the Joint Custody Evaluation. Made no attempt to press issues of assaults on this plaintiff by his ex-spouse even when a domestic violence arrest was made at plaintiff's address. Proceeded to take credit for the plaintiff's efforts to assemble final joint custody agreement In point of fact Attorney M. DuWaldt through most of the litigation in case 96 DV 767 appeared to be almost in a coma (for lack of more descriptive term) and not even attempting to properly represent his client.(Please note complaints to ARDC and other letters in attachment as Exhibit I) And the following finding of the court SUPREME COURT OF ILLINOIS MONDAY, MAY 17, 2004 In re MICHAEL JOHN DUWALDT, Attorney Number 6196805 120 West Eastman, Suite 100 Arlington Heights, Illinois 60004-5948 File information: M.R. 19357, 02 CH 74 Mr. Duwaldt, who was licensed in 1987, was suspended for six months and until further order of the Court. He neglected to complete a settlement in a civil matter, prepared false documents, and made repeated misrepresentations to a client. & for conduct involving dishonesty, deceit or misrepresentation and engaging in conduct that is prejudicial to the administration of justice. <u>This within the same time frame that attorney DuWaldt represented this plaintiff. ARDC report filed Feb</u> 4,2004 . In Bulloch v. United States, 763 F.2d

1115, 1121 (10th Cir. 1985), "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted. "CITE-18 USC Sec. 2258 Failure to report child abuse STATUTE A person who, while engaged in a professional capacity or activity described in subsection (b) of section 226 of the Victims of Child Abuse Act of 1990 learns of facts that give reason to suspect that a child has suffered an incident of child abuse, as defined in subsection (c) of that section, and fails to make a timely report as required by subsection (a) of that section, shall be guilty of a Class B misdemeanor SOURCE (Added Pub. L. 101-647, title II, Sec. 226(g)(1), Nov. 29, 1990,104 Stat. 4808.

17)    *__Attorney Terry R. Mohr__ of Mangiameli, Reilly & Bruce , Mchenry Illinois. The Plaintiff was about to lose his then current attorney a Mrs. McIntyre to a Judgship to the 19th Judicial Circuit and finding myself without representation I made a rather hasty and as it turned out unfortunate move and signed a very substantial contract (The only written contract that I can recall ever signing up to that point).  Mr. Mohr mis-represented himself as yet another fathers rights advocate and previous council to many other United Airlines employees. It was only after I signed with him that my previous attorney (mentioned that they would not have recommended him).  Through experience and latter horror stories of past clients of Mr. T. Mohr I realized just how big a mistake I had made in contracting for his legal services.  This attorney proceeded to submit his client and his case to more damage then can be attributed to many of the opposing council during this period. This attorneys billing practice's were very intense, confusing & inaccurate.(See Kinsella vs Mohr 00AR-650 July 14 ,2003 ) and article from a

-40-

Public Internet posting May 2005 Internet Article **in attachment Exhibit L**) This attorney despite his clients protests waited until December 23 before attempting to obtain holiday visitation time and naturally the court was swamped with very unhappy fathers including this plaintiff. *This attorney repeatedly refused to take any appropriate action regarding reported abuses of our children* (emphasis added) and in fact drew up and filed what can only be considered bizarre motions that in their wording only shed a very poor light on his own client. In addition, when I raised my concerns Mr. Mohr would adamantly refuse to consider any changes . I finally decided to end this only I did this in a fashion not to my benefit in that I telephoned Mr. Mohr and first tried to address the problems however he was in no way responsive. I then told him that I would no longer require his council and that I intended to report him for his negligence,. Mr. Mohr then raised his voice and said, quote *" You report all your attorneys don't you"*unquote,(E.A) This was then followed by Mr. Mohr's final statement to this plaintiff *"Go tell it to the Judge" (Emphasis Added)* he then hung up the phone. (This telephone conversation witnessed via speaker phone) Please understand that I had not mentioned anything about my filing with the ARDC regarding Attorney Daniel Weisz a friend and associate of Mr. Mohr. On the following day attorney Mohr made a beeline for the courthouse, filed papers against me siting a host of grievances, put a lean on our home and of course this hearing took place, papers were signed and orders issued from the court with this plaintiff only being notified after the fact. Incidently, I never filed with the ARDC regarding Attorney T. Mohr as I now felt that I had somehow been **"Blacklisted"** and any further contact with the ARDC would only complicate my efforts in court.."CITE-18 USC Sec. 2258 Failure to report child abuse STATUTE A person who, while engaged in a professional capacity or activity described in subsection (b) of section 226 of the Victims of Child Abuse Act of 1990, learns of

facts that give reason to suspect that a child has suffered an incident of child abuse, as defined in subsection (c) of that section, and fails to make a timely report as required by subsection(a) of that section, shall be guilty of a Class B misdemeanor SOURCE (Added Pub. L. 101-647, title II, Sec. 226(g)(1), Nov. 29, 1990,104 Stat. 4808. United States v.Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is , based not on section 144, but on the Due Process Clause.") In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.1985), "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury . ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted.

**18 )**   *Attorney James Schwarzbach .  This attorney was hired by my younger brother in late September of 1998 to address the criminal allegations filed against me in relation to State of Illinois case.98 CF 959.  Before this attorney had even reviewed any of details of this case he   indicated to my brother that he could handle the entire case for no more then $4000 dollars ?and what was to follow was even more amazing. It became very evident that this attorney had no concept of ethical or dependable representation.  Mr. Swarchbach was rarely on time  for any consultation meetings or court hearings and more often then not he was a ***complete no show with no effort to notify myself  or the court*** .(Emphasis added) of his whereabouts.  After a number of  these occasions the Judge presiding verbally berated Mr. Schwarzbach in open court and warned  him that if he was late one more time that he would be held in contempt of court and jailed.  However, true to his nature he(Mr. Schwarzbach)

-42-

was almost one hour late for the very next hearing however, nothing was said.. Plaintiff recalls one

occasion in particular where after waiting approximately one hour and twenty minutes past a scheduled

appointment attorney Schwarzbach appears and after realizing that he did not have his cigarette lighter

with him and that his client did not have any matches that it would be best that we should cancel this

meeting and re-schedule and despite my protest my attorney left. The plaintiff recalls that on the three

or four occasions that Mr. Schwarzbach actually made a timely appearance our trial preparation

consults were held in the front seat of my car or in a local public restaurant. This attorney made false

and misleading statements to this court regarding his efforts on this plaintiffs behalf and when I

attempted to apprise the Judge of my concerns the matter was turned into an issue of my medications

and there effects on my abilities. In addition this plaintiff had some issues he wished to address with the

DCFS regarding a hearing and while attorney Schwarzbach would relate one set of proposals to myself

he in fact related a very different set of intentions to the DCFS and a very important hearing that I had

requested and was granted went forward without our presents. After complaining to this attorney

regarding the many inconsistences It was attorney Schwarzbachs last comment *"To hell with your

kids"* that finally made it clear that I would be forced to seek new council despite the poor timing in

relation to on going litigation. (Reference four pages Motion to Discharge Council ,Notice of Motion

& Motion to Continue Filed in said State court on Jun 21, 2000 Case No 98 CF 959 and in attachment

as **Exhibit I** )            - Compounded Ineffective Assistance of council -

**19) \*Attorney John E. Ridgway**  This attorney replaced attorney J. Schwarzbach in late June  early

July of 2000. This plaintiffs bankruptcy attorney Mr. Scott Bentley of Mchenry referenced .Mr.

Ridgway and indicated that they would both represent me in State of Illinois case 98 CF 959 if and

-43-

when I could provide their requested fee. Arranging this new representation so late in the proceedings was extremely stressful however it was very apparent that I had no real alternative. I trusted Mr. Bentley and initially Mr. Ridgway and felt comfortable with their efforts. I was somewhat uncomfortable with the realization that Mr. Bentley had no apparent criminal law experience and was in fact following Mr. Ridgways lead. However, my faith in attorney Ridgways representation only really began to dissipate when he insisted on choreographing every statement I made before the court and this with the often repeated admonishment *"That we must not appear to be attacking the victim"*, (Emphasis added) Now this was not easy for me to understand as self defense was at issue here and there were so very many other related events and issues that I had felt had been suppressed far to long already. The plaintiff recalls a conversation with attorney Ridgway regarding his (plaintiffs) belief that the primary reason for the Lake In the Hills Police turning so aggressive in their efforts to prosecute this plaintiff was the simple fact that I had become in their impression an armed threat *(imagined)* to their officers and that the other problem (Catherine Lasheff aka Pickar) was no longer a problem for them as she now resided outside of their jurisdiction in Woodstock. Attorney Ridgways reply to this impression was that *"your probably correct but if you cannot prove it you don't dare raise it"* (Emphasis added) (Note reference to letter dated 02/01/1998 A Sunday morning & attached Lake In the Hills Police report printout of 02/01/1998 in attachment as **Exhibit G.**) At some point in the latter stages of the trial my council made what I latter understood to be an abrupt about face and decided to go for a bench trial instead of the jury trial that we had been pushing for up to this point. Plaintiff does not recall ever being asked about not having a jury, nor do I recall ever signing a waver of jury. I remained confused by this decision but in my stressed and depressed state of mind I simply assumed my council knew what he was doing.

-44-

Mr. Ridgway knowing of my concerns about raising my former wives long record of mental health problems, her prior assaults on this plaintiff in the presents of the children and my concerns for the children in general did finally elicit some testimony on these issues however, it was very brief and low keyed and I personally was never provided with the opportunity to bring focus to issues that I felt were extremely relevant and had been all along. It was as if my council was taking great care as to *not appear to be attacking the victim* (E.A) or offending the ladies of the prosecution. (plaintiffs impression). As the proceedings drew to a close councils intention to prepare and arrange for my witnesses and other planned meetings where not held. Latter at the sentizing hearing when Judge Caldwell read from a long forgotten, untruthful and damaging letter from a doctor Ahmad .*(statements that were latter removed from the final transcripts and were not even contained in the initial medical records presented)* **Emphasis added** (Further this alleged witness was never brought before this court for testimony or cross-examination) attorney Ridgway requested a release on bond pending an appeal however , this was not granted. The plaintiff recalls that the Judges determination and sentence came as somewhat of a surprise to many in the court room. But once again recalling the treatment that I had received from the very beginning of our dissolution process back in 1996 and my fears that **equality of justice was clearly contested n this court** (Emphasis added) this should have been no surprise at all. Attorney Ridgway never filed the appeal he spoke of in court which was also a part of our contract, attorney Ridgway failed to return the $5000 dollars that he indicated in his letter he would return if our case went to a bench trial, which it did and attorney Ridgway never returned this plaintiffs records despite numerous written requests to do so. ( One page letter from plaintiff to Attorney Ridgway, Two page Letter of offer to represent J. E. Ridgway in attachment as **EXHIBIT**

K) It is this plaintiffs impression that attorney John E. Ridgway harbored more allegiance to the media pressure, this court and the growing courtroom sentiment then any obligation he had regarding his . client  Further, after this plaintiff was compelled to file his own appeal of State of Illinois case 98 CF 959  from the highly restrictive confines of a prison cell with poor to non-existent access to the law library the appellate attorney assigned indicated that attorney Ridgway had left very few opportunities in which an appeal would go forward. Despite many of the issues raised within the context of this document being made available to the appeals court the appeal was only presented as a question of my ability to stand trial which was denied. Once again a great many key issues overlooked or suppressed (Letter of  Feb 13, 2002  Office of the State Appellate Defender in attachment as **Exhibit M)**    **20) Attorney Gary M. Foley** Law offices of Mark L. Shaw This attorney was hired by my former spouse at some point just prior to my incarceration.  Attorney Foley was oblivious to any responsibility regarding due process and was responsible for several significant motions against this plaintiff while he was in the custody of I.D.O.C. and frequently with little to no notification  allowing only late to non-excitant representation to this plaintiff. Two notable issues that went before the court and were presented by attorney Foley with absolutely no due process provided to this plaintiff   were an action to vacate our Joint Custody Agreement which was granted by Judge J. Condon and a Contempt of Court citation against this plaintiff with no effort made to writ this plaintiff out of confinement to answer charges in court. This plaintiff also complains that he is uncertain even at this point to the extent of damages caused by the **unrestrained and void of due process legal actions** (Emphasis added) of attorney Gary M. Foley during the period of this plaintiffs confinement. These predations continued unabated until the plaintiffs family was able to provide council for him in April of 2002.  Thomas M.

Foley (no relation to Gary M. Foley) filed his appearance as council for this plaintiff on April 15th

2002(Note letters April 16,2002, Oct 5,2002 & Filings June 4,2002, of T. M. Foley /copies in support

of above & in attachment as Exhibit A) Attorney Gary M. Foley discontinued his representation of my

former spouse based on supposed irreconcilable differences between himself and his client however

this falling out actually occurred immediately after attorney G. M. Foley made an offer to this plaintiff

to reduce the alleged 82,000 dollar child support arrearage's down to 10,000 dollars a sum which also

did not exist therefore was not forthcoming  Further, the plaintiff would like this court to be clearly

aware of the **highly traumatic and at one point almost fatal** (Emphasis added) indirect effects of

attorney Gary M. Foleys aggressive and unopposed litigation during this plaintiffs incarceration. The

plaintiff was already in a poor state of affaires and invariably a mailing of legal papers to him from

Gary M. Foleys office would require a visit to the prison infirmary. It was while I was on one of these

visits to the facility Infirmary that a mistaken diagnoses by a staff Medical doctor in conjunction with a

**contraindicated prescription caused a full cardiac arrest** and a code 3 visit to an outside hospital

for this plaintiff. The plaintiff holds attorney Gary M. Foley indirectly if not directly responsible for

much of the time spent in the facility Infirmary. (Note 3 Pages Medical Records from IDOC dated

12/11/01, 12/13/01 Code 3 status noted ,additional records available. Exhibit C. Also reference letters

April 16,2002, Oct 5,2002 & Motion to Continue Hearing on Rule f iled June 4,2002, of T. M. Foley

in attachment Exhibit A) The U.S. Constitution's eighth amendment states: 'Excessive bail shall not be

required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' A number of

state constitutions also contain the same, or similar, provisions. "Fraud upon the court" has been

defined by the 7th

Circuit Court of Appeals to "embrace that species of fraud , which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication " Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final.

21)   **Attorney Samuel S. Meli** of Coonen & Roth Ltd, attorney Meli is this plaintiffs ex-wife's (Catherine E. Pickar aka Lasheff aka Huff) current attorney of record. Attorney Meli has been faced with only my meager pro-si abilities for most of his term of representation and has worked in direct concert with Judge Joseph P. Condon to drive this plaintiff ever deeper into poverty and has aided and abetted Catherine E. Pickars every effort to deny two little girls of their right and desire to have an involved father, this fathers greatest desire. Attorney Meli with the support of the Judge presiding has whitewashed issues of Visitation Interference, Petitions for more frequent & meaningful visitation and has fully ignored this plaintiffs documented concerns for the health and welfare of his children. Attorney Meli ignored the repeated attempts of this plaintiff to make himself and this court fully aware of the effects of eight years of one sided malicious prosecution has had on the in court abilities of this plaintiff preferring to only use this issue to his advantage. Attorney Meli was the attorney that took possession of this plaintiffs briefcase and then rifled through same without this plaintiffs permission and despite his protests under the 4th amendment. Further, Attorney Meli has filed and presented to this court personal medical records concerning this plaintiff from Federal agencies without a release of information authorization signed by this plaintiff ; During a discussion in open

-48-

court before the honorable Judge Gordon E. Graham no mention of a subpoena for these documents was admitted to, this in violation of 740 ILCS 110 The Mental Health and Developmental Disabilities Act.

In addition Attorney Meli has all but buried this plaintiff with endless interrogatories and other financial inquiries. Attorney Meli has persisted in pressing a Mittimus for 6 months in jail based on the previously mentioned contempt charge which has already been noted as being void of **Due Process.** (Order for Defendants Arrest based on Rule to Show cause ordering defendant (this Plaintiff) TO APPEAR in said court on OCT 24,2001 Plaintiff not released from I.D.O.C. until June 14th 2002 ,no writ or notice to I.D.O.C. facility. (Also reference letters April 16,2002, Oct 5,2002 & Motion to Continue Hearing on Rule f iled June 4,2002, of T. M. Foley /copies in support of above and in attachment as **Exhibit A)** Plaintiff asks, how can this be seen as in the best interest of the children" ? Or for that matter How can any of the above described instances which make up the core of this complaint relate in any way at all to the issue of "In the best Interest of the Children" When in point of fact they show clear and deliberate Reckless Endangerment of the Minor Children Involved. In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function — thus where the impartial functions of the court have been directly corrupted."

**22) Associate Judge Gordon E. Graham,** Becomes presiding Judge in case 96 DV 767 shortly after Associate Judge the Honorable Michael W. Feeterer rightfully recused himself following Judge

Condons transfer to the criminal division.19th Judicial Circuit Woodstock Ill. Although I had hoped

for some degree of change toward real Justice with the new presiding Judge those hopes where rapidly

dashed after the first few proceedings before Judge Graham. Judge Graham has denied all but one of

my motions and has continued the long line of Judicial partiality, threat, intimidation and insult toward

this plaintiff . Section 455(a) "requires a judge to recuse himself in any proceeding in which her

impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In

Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant

not only actually receive justice, but that he believes that he has received justice." The Supreme Court

has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice". Levine

v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14,

75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding,

does not give the appearance of justice.    "Recusal under Section 455 is self-executing; a party need

not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the

stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). Further, the judge has a legal

duty to disqualify himself  even if there is no motion asking for his disqualification. The Seventh

Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on

the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202. Should a judge

not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution.

United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or

prejudice is based, not on section 144, but on the Due Process Clause."). "To obtain qualified

immunity, defendant must show that his conduct did not  violate  clearly  established statutory or

constitutional rights of which reasonable person would have known; the standard is an objective one
and defendants's subjective belief that he/she handled situation properly is irrelevant". {C.M. vs.
Southeast Delco School Dist. #828 F. Supp. 1179; and, "A Judge Graham continues to promote a
contempt charge that is completely void of Due Process and is therefore unlawful, this despite the
matter of court record proof of this Void contempt charge. Further, Judge Graham continues to
sidestep this plaintiffs matter of record disability and the Americans with Disabilities Act that is
Mandated to be consider by this court . Judge Graham denied a very critical and important motion
presented by this plaintiff in relation to the Health and welfare of the minor children (Which has been a
consistent effort at cover up and denial of both the defendant Catherine E. Pickar, her council and this
court to the clear determent of the minor children involved) Because the Plaintiff/Respondent is pro se,
the Court has a higher standard when faced  with a motion to dismiss. White v. Bloom. 621 F.2d 276
makes this point clear and states: "A court faced with a motion to dismiss a pro se complaint… must
read the complaint's allegation expansively." Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594,
596, 30 L  Ed. 2d 652 (1972), and take them as true for purposes of deciding whether they state a claim
.  and when this plaintiff requested a 30 day continuance in order for this plaintiff to obtain much
needed assistance with this vital motion via accessing proper council the plaintiffs request was denied.
Yet, immediately following this denial for a 30 day continuance (This hearing on June 21st) Judge
Graham Sets the date for trail of this Plaintiffs Motion for More Frequent & Meaningful
Visitation(which has been on file for over one full year) .off until November of 2005? (Witness to be
provided regarding this defendant partiality)

## RESERVATION OF RIGHTS DUE TO FRAUD

22)    Plaintiff hereby explicitly reserves his fundamental Rights to amend this and all subsequent

pleadings should future events and/or discoveries prove that he has failed adequately to comprehend

the full extent of the damage(s) which he has suffered at the hands of the Defendants, the state court,

and other involved parties, both named and unnamed, now and at all times in the future. *See* Rules 8,

15, and 18 of the Federal Rules of Civil Procedure. Plaintiff has a federal question right, under  the

guarantees of 42 USC § 2000a, to full and equal lawful treatment in a state court of law, and

according to the various protections under not only the Illinois Constitution, but more importantly

under those of the U.S. Constitution.        Plaintiff has a federal question right, under the protections of

the Civil Rights Act of 1964, 42 USC § 2000d, et seq., and as interpreted by the U.S. Supreme Court

to *include* prohibitions against discrimination based on sex or gender. Plaintiff has a further federal

question right not to be discriminated as articulated according to the above allegations, under the

expressed public policy of the United States of America, by and through certain Acts of Congress

strictly specifying the critical value of protecting children, youth, and family bonds, and the joint

responsibilities of federal courts therein. *See* 42 USC §§ 12301, 12351, 12352, 12371, 12635, and

etc.    Plaintiff has a further federal question right to ensure that his minor children are free from

experiencing abuse and/or neglect, due to unlawful sex or gender discrimination in awards of child

custody, and to ensure that any involved state judicial systems meet or exceed their required

corresponding duties under 42 USC §§ 13001, 13003, 13021, 13031, and etc.    Bright v. Dick, 166

Ill. 2d 204,210, 652 N.E. 2d 275,209 Ill. Dec 735 (1995) " The rules of court we have promulgated are

not aspirational. They are not suggestions. They have the force of law, and the presumption must be

that they will be obeyed and enforced as written".K & K Investments. Inc. V McCoy s.w.2d (Mo.

App. E.D. 1994)(slip op.#64245. 5/3/94 'A Void Judgment' is One which has no legal force or effect.

invalidity of which may be asserted by any person whose rights are affected at any time and at any

place directly or collaterally. One which from its inception is and forever continues to be absolutely

null. without legal efficacy. ineffectual to bind parties or support a right. of no legal force and effect

whatever. and incapable of confirmation. to any degree. Judgment is a "void judgment" if the court

that rendered judgment lacked jurisdiction of the subject matter. or of the parties. or acted in a manner

inconsistent with **due process** (emphasis added) See also Platt v. Platt. 815 S.W. 2d 82 . 83 1991. A

void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that

did not have jurisdiction over the subject matter or the parties. Rook. v Rook 233 Va. 92. 95. 353 S.E.

2d 756.758.   A void judgment is one of the grounds for relief under Rule 60. Tenn. R. Civ. Proc. See

Rule 60.02(3). Defendant's challenge to subject matter jurisdiction implicitly raised claim that default

judgment against him was void and relief should be granted under Rule 60(b)(4). Honneus v

Donovan. 93 F.R.D. 433. 436-37 (1982). aff'd. 691 F.2d 1.(1st Cir. 1982).

## SUMMARY AND PRAYER

**23)**      The Plaintiff wishes this honorable court to note that he believes that the actions of the

presented  defendants go far beyond mere negligence and should be viewed as a continuation of many

previous violations of this plaintiff's Constitutionally protected rights. It is this plaintiffs belief that

families in transition or suffering through at times unavoidable change should be aided and assisted by

any means available in an effort to reduce the emotional and financial friction that often is inevitable

to this process . Further, plaintiff provides the following:  " In all that is decent . . . in all that is

just, the framers of our Constitution could never have intended that the "enjoyment of life" meant that

if divorce came, it was to be attended by throwing the two unfortunates and their children into a

judicial arena, with lawyers as their seconds,  and have them tear and verbally slash at each other in a

trial by emotional conflict that may go on in  perpetuity. We have been humane enough to outlaw

cockfights, dogfights and bullfights; and yet, we do nothing about the barbarism of divorce fighting,

and trying to find ways to end it. We concern ourselves with cruelty to animals, and rightfully so, but

we are unconcerned about the forced and intentionally perpetrated cruelty inflicted upon the

emotionally distressed involved in divorce. We abhor police beating confessions out of alleged

criminals, and yet we cheer and encourage lawyers  to emotionally beat up and abuse two innocent

people and their children, because their marriage has  floundered. Somewhere along the line, our sense

of values, decency, humanism and justice went off  the track. (From a Petition for a Writ of Certiorari

submitted to the Supreme Court of the United States of America by Cleveland, Ohio, attorney Sanford

J. Berger)"  Judgments obtained under a  cloud of irregularities or otherwise flawed  are clearly

Constitutionally infirm and one or more *compounded injustices* can never be made equal to any form

of what must be seen as truly just.  Plaintiff  believes and so states that he is ashamed and ever

painfully mindful of his responsibility in State of Illinois case 98 CF 959 . However, I could not permit

any further harm to come to our children nor to myself . Regarding the pure negligence as noted in

the content of this complaint document *But for this cause* this once in a lifetime violent event as

noted in State of Illinois  case 98 CF 959 would never have occurred and Plaintiffs family  would still

be together as a whole or at the very least the children would have both parents involved in there lives as is their God given right. Plaintiff has been held accountable in **extreme excess** (Emphasis added) to what the record should show was in any way just and equitable and has paid a grievous price for matters to a great degree beyond his control. Let this record show that there are many "to include defendants presented" that have not been held accountable in any way for the roles they played and as noted herein. For the greater length of this period this plaintiff has been without ethical and proper council and due to the very problematic health issues **"created and aggravated by this very process"** (Emphasis added) has been unable to effectively defend himself and therefore his children. I have been forced to live in fear of each new court hearing and even knocks on the door of my own home have become cause for alarm ,this plaintiff is guilty of no willful act remotely equal to eight years of clear vindictive persecution, physical & physiological abuse and complete denial of the greater majority of his legal rights. My record of consistent efforts in relation to isolating ethical, effective and yet affordable representation is extensive and readable available. Once again the *entire eight long years* of litigation within the Jurisdiction of the Nineteenth Judicial Circuit Court Woodstock Illinois from its onset in the summer of 1996 up to the most recent hearings (fall of 2004)have been filled with reckless endangerment of minors, physical and psychological abuse, discrimination, threat, intimidation, incompetence, malpractice, conspiracy, special interest influence, slander and **repeatedly void of equality of justice and due process** much of which was accomplished **under Color Of Law**. Title 18 Part I Chapter 13 § 242. **Deprivation of rights under color of law.**(Emphasis added)Amendment XIV Section 1. All persons born or naturalized in the United

States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein

they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of

citizens of the United States; nor shall any state deprive any person of life, liberty, or property,

without due process of law; nor deny to any person within its jurisdiction the **equal protection of the**

**laws.** (Emphasis added.) The plaintiff prays that this court finds that the jurisdiction of the 19th

Judicial Circuit Court Woodstock Illinois was never lawfully invoked nor maintained therefore the

orders of court in their entirety and as they relate to this plaintiff be found null and void or at the very

least in State of Illinois case 98 CF 959 would be remanded for a complete and appropriate change of

Venue and Re-Trial in State of Illinois case 98 CF 959. (With proper and acceptable council provided

based on plaintiffs current financial status.) In addition ,Plaintiff request the return of soul physical

and legal custody of the minor children Elizabeth and Abigail Lasheff to their soul biological father

Robert G. Lasheff Jr. Further, the plaintiff request in the Best Interest of Equality of Justice that any

further deliberations made in State of Illinois Case 96 DV 767 or any other case concerning the

dissolution of Robert & Catherine Lasheff and matters regarding their minor children are also

provided with a complete and appropriate change of Venue completely outside of any influence from

the 19th Judicial Circuit For any Injunctive or declaratory relief to be determined by this court as

necessary and for general, compensatory, consequential, restitution and future damages that remain

undetermined as indicated, plus exemplary or punitive damages plus attorneys fees, costs and such

other or further relief as this Court deems appropriate.

Respectfully Submitted by

Robert G. Lasheff Jr

1502 Glenrock

Street Address

Waukegan    Illinois  60085
City        State    Zip

847-336-9323
Phone Number

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

Robert G. Lasheff

Sworn and subscribed before me on this 25ᵗʰ day of June, 2005

NOTARY

"OFFICIAL SEAL"
SANDI BERKOWITZ
Notary Public, State of Illinois
My Commission Expires June 30, 2007

-57-

CERTIFICATE AND AFFIDAVIT OF DELIVERY PERSONALLY. OR BY MAIL.

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to #735ILCS 5/1-

109. that the attached Notices were        personally delivered via Summons in accordance with F.R.C.vP.

4 OR        placed in the U.S. Mail at

. with first class postage prepaid and directed

to all parties of record. (or directives). at the address(es) set forth. on or before 5:00PM on June

. 2005.

To: Associate Judge Joseph P. Condon

2200 N Seminary Ave. Woodstock Illinois

60098

To: Associate Judge Gerald M. Zopp Jr.

200 N Seminary Ave. Woodstock Illinois

60098

To: Associate Judge Gordon E. Graham.

200 N Seminary Ave. Woodstock Illinois

60098

To: McHenry County Jail Corrections Staff

200 N Seminary Ave.

Woodstock Illinois 60098

To: Lake in The Hills Police Department

1115 Crystal Lake Road Lake in the Hills

Illinois 60156

To: Circuit Judge Michael T. Caldwell

2200 N Seminary Ave. Woodstock Illinois

60098

To: Associate States Attorney Charles E. Crouse

200 N Seminary Ave. Woodstock Illinois

60098

To: Turning Points

200 N Seminary Ave.

Woodstock Illinois 60098

To: Attorney Terrence J. Freeman

400 E. Main Street Barrington Illinois

60010

To: Attorney Michael J. DuWaldt

120 W Eastman. Suite 100 Arlington

Heights Illinois 6004-5948

-58-

To: Law firm of Riffner. Freeman & Scott Chtd.

Suite 100 1920 N. Thoreau Drive Schaumburg

Illinois 60173-4151

To: Attorney James Schwarzbach

One Northfield Plaza Suite 300

Northfield. Illinois 600-1214

To: Attorney John E. Ridgway 21 Northwest

Hgwy Cary Illinois 60013-2911

To: Attorney Gary M. Foley

Law firm of Shaw & Foley LLC.

33 N. County St. Suite 302 Waukegan. Illinois

Waukegan. Illinois 60085-4322.

To: Catherine E. Pickar 1026 Castleshire Ave.

Woodstock Illinois 60098

To: Attorney Samuel S. Meli

Roth. Meli. Santeler. Ltd.

454 W. Virginia Street Crystal Lake Illinois

60014

To: Attorney Terry R. Mohr

Mohr. Bruce and Nader 3402 W. Elm Street

Mchenry Illinois 60050

# COMPLAINT COPIES ROUTED TO FOLLOWING AGENCIES

# REQUESTING  INTERVENTION  &  COUNCIL

To: U.S. Attorneys Office

Northern  District of Illinois 219 S.
Dearborn St.  5th Floor Chicago Ill.
60604

To: FBI Chicago

 Room 905
E.M. Dirksen Federal Office Building
219 South Dearborn Street
Chicago, Illinois 60604-1702

To: FBI Springfield

Suite 400
400 West Monroe Street
Springfield, Illinois 62704-1800

To:  Office of the Governor

        Springfield, IL 62706;

 National Judicial Conduct and
 Disability Law Project
7511 W. 77th Avenue

Crown Point, IN  46307,

To: ACLU

180 N. Michigan Ave.,
Chicago, IL 60601
Suite 2300

To   U.S. Department of Justice
        Civil Rights Division
         950  Pennsylvania Ave., NW
        Criminal Section, PHB
        Washington, DC 20530

To:  U.S. Department of Justice
        Civil Rights Division
         950 Pennsylvania Ave., NW
        Coordination and Review Section,
        NY   Washington, DC 20530

To:  U.S. Department of Justice
        Civil Rights Division
        950 Pennsylvania Ave., NW
        Disability Rights Section, NYA
        Washington, DC 20530

To: Civil Rights Bureau 207 State House,

    Office of the  Attorney General
James. R. Thompson  Center, 11 th floor
100 W. Randolph St. Chicago, IL 60601

To:  ACLU-NCA Legal Committee
        1400 20th
        St., NW, Suite 119
        Washington, DC 20036